NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WALTER EVANS SORIANO-GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1660

Agency No.
A216-403-214

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2024\*\*
Pasadena, California

Before: RAWLINSON, MELLOY, and H.A. THOMAS, Circuit Judges.\*\*\*

Walter Evans Soriano-Guzman (Soriano-Guzman), a native and citizen of El

Salvador, petitions for review of the decision of the Immigration Judge (IJ)

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Michael J. Melloy, United States Senior Circuit Judge
for the Court of Appeals, Eighth Circuit, sitting by designation.

denying withholding of removal and protection under the Convention Against Torture (CAT) following reasonable fear review proceedings. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.[1]

We review the IJ's decision for substantial evidence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 831 (9th Cir. 2016), *as amended*. "Under the substantial evidence standard, we uphold the agency's determinations unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Hermosillo v. Garland*, 80 F.4th 1127, 1131 (9th Cir. 2023) (citation and internal quotation marks omitted).

Substantial evidence supports the IJ's determination that Soriano-Guzman failed to establish a reasonable possibility of persecution or torture. The gang members who beat and extorted Soriano-Guzman were motivated by financial gain. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1025 (9th Cir. 2023) (explaining that "exclusive financial motivation cannot establish a nexus" to a protected ground). And although Soriano-Guzman stated that police targeted him for being a suspected gang member, this testimony failed to establish torture or a likelihood of torture. *See* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman

---

[1] The Government has withdrawn its argument that we lack jurisdiction.

or degrading treatment or punishment that do not amount to torture.").[2]

**PETITION DENIED.**

---

[2] The temporary stay of removal shall remain in place until the mandate issues. Soriano-Guzman's Motion for Stay of Removal is otherwise denied.